1  ALEX G. TSE (CABN 152348)
   Acting United States Attorney
2
   BARBARA J. VALLIERE (DCBN 439353)
3  Chief, Criminal Division

4  WILLIAM J. GULLOTTA (CTBN 423420)
   Assistant United States Attorney
5
        1301 Clay Street, Suite 340S
6       Oakland, California 94612
        Telephone: (510) 637-3680
7       FAX: (510) 637-3724
        William.Gullotta@usdoj.gov
8
   Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WALLACE LEE GILMORE, ) <br> ) <br> Defendant. ) <br> ) <br> ) | Case No. CR 18-0040 JST <br><br> STIPULATION AND [PROPOSED] ORDER EXCLUDING TIME FROM APRIL 20, 2018, THROUGH JUNE 29, 2018, OR THE DATE OF THE COURT'S RULING ON THE DEFENDANT'S UPCOMING MOTIONS |

Plaintiff United States of America and defendant Wallace Lee Gilmore, by and through their respective counsel of record, hereby stipulate as follows:

1. On February 23, 2018, the parties appeared before the Honorable Jon S. Tigar for the first District Court appearance in this case. The parties reported to the Court that the government has provided discovery in this case at that hearing. Therefore, the parties asked the Court to schedule a second status conference on March 9, 2018, to provide the defense with time to review the discovery and discuss the case going forward. The Court excluded time under the Speedy Trial Act through March 9, 2018. Dkt. # 13.

2. On March 9, 2018, the parties appeared before the Honorable Jon S. Tigar for the second District Court appearance in this case. The defense reported that it continues to review the discovery in

STIPULATION AND [PROPOSED] ORDER
CR 18-0040 JST

this case, including multiple body camera videos, and the government reported that it provided a draft (unapproved) plea offer to the defense at the hearing. The defense requires additional time to finish its review of the discovery, to review the proposed plea offer, and to discuss the case with the defendant. Therefore, the parties asked the Court to schedule a hearing on April 20, 2018. The Court agreed and set a change of plea or motions/trial setting hearing to occur on April 20, 2018, at 9:30 a.m. The Court excluded time under the Speedy Trial Act through April 20, 2018. Dkt. # 16.

3. Following the March 9, 2018 hearing, the government's plea offer was approved internally, however the defendant did not accept the offer and the parties did not reach a plea agreement.

4. On April 20, 2018, the parties appeared before the Honorable Jon S. Tigar and set the following briefing schedule for the defendant's motions:

May 4, 2018: defendant's motion(s) due;

May 18, 2018: government's opposition due;

June 1, 2018: defendant's reply, if any, due;

June 15, 2018: government's sur-reply, if any, due;

June 29, 2018: motions hearing at 1:30 p.m.

5. At the hearing on April 20, 2018, the parties jointly stipulated to exclude the time from April 20, 2018, through June 29, 2018, or the date the Court rules on the upcoming motions (whichever occurs later) from the time in which the defendant must be brought to trial pursuant to the Speedy Trial Act, 18 U.S.C. § 3161 *et seq*. As discussed on the record, the parties will need the time until the motions are filed for effective preparation, including the review of discovery, legal research, and motion writing. Once the defendant files his motions, the time between the filing of the motions and the resolution of those motions will automatically be excluded from computation under the Speedy Trial Act. Therefore, the parties now agree in writing that the time period from April 20, 2018, through June 29, 2018, or the date the Court rules on the upcoming motions (whichever occurs later), should be excluded pursuant to 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A), and (h)(7)(B)(iv) on the basis that the ends of justice served by the continuance outweigh the best interests of the public and defendant in a speedy trial, and failing to exclude this time would deny counsel the reasonable time necessary for effective

///

preparation, taking into account the exercise of due diligence.

IT IS SO STIPULATED.

Dated: April 23, 2018
ALEX G. TSE
Acting United States Attorney

/s/
WILLIAM J. GULLOTTA
Assistant United States Attorney

Dated: April 23, 2018
/s/
JOYCE LEAVITT
Attorney for Defendant Wallace Gilmore

## [~~PROPOSED~~] ORDER

Based upon the representations of counsel and for good cause shown, the Court finds that failing to exclude the time from April 20, 2018, through the date the defendant files his motions would deny counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The Court further finds that the ends of justice served by excluding the time from April 20, 2018, through the date the defendant files his motions, from computation under the Speedy Trial Act outweigh the best interests of the public and the defendant in a speedy trial. The Court also finds that once the defendant's motions are filed, the time under the Speedy Trial Act is automatically excluded until the date of the hearing, currently scheduled for June 29, 2018, or the Court's ruling on the motions, whichever occurs later. Therefore, **IT IS HEREBY ORDERED** that the matter is set before this Court on June 29, 2018, at 1:30 p.m. for a motions hearing, and that the time from April 20, 2018, through June 29, 2018, or the date the Court rules on the upcoming motions (whichever occurs later), shall be excluded from computation under the Speedy Trial Act. 18 U.S.C. §§ 3161(h)(1)(D), (h)(7)(A), and (B)(iv).

DATED: May 2, 2018

THE HONORABLE JON S. TIGAR
United States District Judge

STIPULATION AND [~~PROPOSED~~] ORDER
CR 18-0040 JST