UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>WALLACE LEE GILMORE,<br>Defendant. | Case No. 18-cr-00040-JST-1<br><br>**ORDER DENYING MOTION TO DISMISS**<br>Re: ECF No. 24 |

Before the Court is Defendant Wallace Lee Gilmore's motion to dismiss the indictment. The Court will deny the motion.

## I. BACKGROUND

Gilmore pled guilty/no contest to a violation of California Health and Safety Code Section 11359 for the possession of marijuana for sale on February 11, 2009. ECF No. 31 at 36-37. Under the terms of section 11359 in effect on that date, the proscribed conduct was a felony, and Gilmore's "Waive on Plea of Guilty/No Contest (Felony)" form indicates that Gilmore pled guilty to a felony. *See id.* On December 31, 2017, Gilmore was arrested and subsequently charged in California Superior Court with numerous charges. *See* ECF No. 32 at 6, 12. On February 1, 2018, Gilmore was indicted in the Northern District of California for being a felon in possession of a firearm and ammunition, a violation of 18 U.S.C. § 922(g)(1). ECF No. 1. Gilmore filed the instant motion to dismiss the indictment on May 4, 2018. ECF No. 24.

## II. LEGAL STANDARD

Section 922(g)(1) makes it unlawful for any person convicted of "a crime punishable by an imprisonment for a term exceeding one year" to "possess in or affecting commerce, any firearm or ammunition." 18 U.S.C. § 922(g)(1). "[T]he term "felony" is commonly defined to mean a

1  crime punishable by imprisonment for more than one year." *Burgess v. United States*, 553 U.S. 124, 130 (2008); *see also United States v. Olson*, 856 F.3d 1216, 1223 (9th Cir. 2017).

### III. DISCUSSION

Gilmore argues that the Court should dismiss the indictment because the government cannot prove the section 922(g)(1) offense in this case. ECF No. 24 at 4. Specifically, he argues that due process precludes conviction and that he is entitled to dismissal based on California Proposition 64.[1] *Id.* at 6-8. Gilmore also argues that the Court should dismiss the indictment because the application of section 922(g)(1) in this case would violate the Second Amendment. *Id.* at 8-11.

#### A. Due Process

First, Gilmore argues that due process precludes conviction because the state court indicated that Gilmore was not precluded from possessing firearms or ammunition. ECF No. 24 at 6. Gilmore argues that the state court affirmatively indicated that he was not precluded from possessing a firearm because the judge left "unchecked the firearm restriction on the terms and conditions of probation." *Id.* at 7. Gilmore contends that the judge "thus indicated that, although probation imposed other restrictions on Mr. Gilmore, it did not prevent him from possessing a firearm or ammunition." *Id.*

"Entrapment by estoppel is the unintentional entrapment by an official who mistakenly misleads a person into a violation of the law. To succeed under this theory, defendant must do more than show that the government made vague or even contradictory statements. Rather, he must show that the government affirmatively told him the proscribed conduct was permissible, and that he reasonably relied on the government's statement." *United States v. Ramirez-Valencia*, 202 F.3d 1106, 1109 (9th Cir. 2000) (internal citations and quotation marks omitted).

There is no estoppel here. Gilman has not provided any evidence that the state court judge "affirmatively told him the proscribed conduct was permissible." *Ramirez-Valencia*, 202 F.3d at

---

[1] Gilmore initially argued that the government could not prove beyond a reasonable doubt that Gilmore had a felony conviction. ECF No. 24 at 5. Gilmore concedes this argument on reply because the government provided documentation indicating a prior felony conviction. ECF No. 35 at 2.

2

1109. Gilman has provided a document dated March 25, 2009 with his terms and conditions of probation. *See* ECF No. 24-1. On that document, the box stating "Do not own, use, or possess any firearms, ammunition, or any other deadly or dangerous weapons or explosives" is not checked. *Id.* Arguably, this document provides evidence that Gilmore's terms and conditions of probation on March 25, 2009 did not prevent him from possessing a firearm. However, it provides no evidence that the state court judge or any other official affirmatively indicated to Gilmore that he was legally entitled to possess a firearm.

On reply, Gilmore contends that due process required that he be given actual notice that his conviction precluded him from possessing a firearm. ECF No. 35 at 2. He argues that at the time of his conviction and sentence California law required that "notice of the firearm prohibition be given to people convicted of felonies." ECF No. 35 at 3 (citing Cal. Penal Code § 12021(d)(1)(in effect Jan 1, 2009 to Dec. 31, 2010). The present offense arises under federal law, not California state law. And even assuming California law did apply to this indictment, Gilmore fails to address California Penal Code Section 12021(d)(2) which definitively states that "[f]ailure to provide the notice shall not be a defense to a violation of this section."

Gilman also compares his situation to a probationer who was not provided notice of proscribed activities. ECF No. 25 at 3. "Courts have sustained the revocation of probation for criminal activity . . . where the defendant was not aware of the conditions. In such a case, knowledge of the criminal law is imputed to the probationer, as is an understanding that violation of the law will lead to the revocation of probation. On the other hand, where the proscribed acts are not criminal, due process mandates that the petitioner cannot be subjected to a forfeiture of his liberty for those acts unless he is given prior fair warning." *United States v. Dane*, 570 F.2d 840, 843–44 (9th Cir. 1977) (internal citations omitted). Here, Gilman's proscribed act – the violation of section 922(g)(1) – is criminal. Even assuming this case concerned probation revocation, due process would not mandate that Gilman be given prior warning that he cannot violate section 922(g)(1).

The Court recognizes that section 922(g)(1) takes conduct that is not necessarily criminal and makes it criminal for only a subset of persons. And the Court recognizes that Gilman may not have realized that his conviction triggered section 922(g)(1). However, the Ninth Circuit has

3

expressly rejected "rejected any *mens rea* requirement for the felon status element of the felon in possession statute." *United States v. Enslin*, 327 F.3d 788, 791 (9th Cir. 2003). Gilman is still liable under section 922(g)(1) even if he did not realize he was a felon who was prohibited from possessing a gun. *See also United States v. Atkins*, No. 15-CR-00506-BLF-1, 2017 WL 2652873, at *6 (N.D. Cal. June 19, 2017) (internal citation omitted) ("The purpose of the box was to impose firearm prohibitions as a condition of misdemeanor probation, where firearm prohibitions were not always automatic. Thus, the trial court's failure to "check the box" does not change the felony status of Atkins' predicate offense.").

### B. Proposition 64

Gilman argues that he is entitled to dismissal "based on Proposition 64." ECF No. 24 at 7. He contends that under California Proposition 64, a state court order redesignated his prior conviction as a misdemeanor for all purposes. *Id.* He argues that the gun-possession offense occurred after Proposition 64 was passed in 2016 and thus he "does not have a felony conviction that would establish the felony-conviction element." *Id.* at 8.

On November 8, 2016, California voters passed Proposition 64, which decriminalized the possession of marijuana. It also provided that

> [a] person who has completed his . . . sentence for a conviction under Sections 11357, 11358, 11359, and 11360, whether by trial or open or negotiated plea, who would not have been guilty of an offense or who would have been guilty of a lesser offense under the Control, Regulate and Tax Adult Use of Marijuana Act had that act been in effect at the time of the offense, may file an application before the trial court that entered the judgment of conviction in his or her case to have the conviction dismissed and sealed because the prior conviction is now legally invalid or redesignated as a misdemeanor or infraction in accordance with Sections 11357, 11358, 11359, 11360, 11362.1, 11362.2, 11362.3, and 11362.4 as those sections have been amended or added by that act.

Cal. Health & Safety Code § 11361.8(e).

Gilman was arrested on December 31, 2017. ECF No. 32 at 6. At that time, officers "located a loaded semi-automatic pistol with a high capacity magazine directly beneath the driver seat where Gilmore had been seated." *Id.* Gilman was indicted for a violation of section

4

922(g)(1) on February 1, 2018. ECF No. 1. Gilman's underlying felony charge was redesignated as a misdemeanor on February 5, 2018 after he applied for that relief.[2] ECF No. 41-1 at 8.

Gilman asks the Court to consider his current status – or lack thereof – as a convicted felon, rather than his status on December 31, 2017. Gilman provides the Court with no authority supporting the request, and the authority of which the Court is aware considers a defendant's status as a convicted felon at the time of possession. *See United States v. Padilla*, 387 F.3d 1087, 1091 (9th Cir. 2004) ("[A] convicted felon [must] challenge the validity of a prior conviction, or otherwise remove his [firearm] disability, *before* obtaining a firearm. Thus, the only relevant circumstance for present purposes is Padilla's status as a convicted felon at the time he possessed a firearm." (quotation and citation omitted)); *United States v. Johnson*, 988 F.2d 941, 945 (9th Cir. 1993) ("Moreover, even if his conviction was converted to a misdemeanor after his completion of probation, Johnson's offense took place in April, 1986, four months before the end of his probation. Thus, it is clear that on the date he was apprehended with a firearm, Johnson was a felon prohibited by Oregon law from possessing the firearms with which he was caught."); *see also Atkins*, 2017 WL 2652873, at *6 ("The Ninth Circuit has held that a conversion of a felony conviction to a misdemeanor after the alleged offense had been committed does not change a defendant's status as a felon at the time of the charged offense.").

Accordingly, Gilman's motion to dismiss the indictment because he does not have an underlying felony conviction is denied.

C.  **Second Amendment**

Gilman argues that the Court should dismiss the indictment because the application of section 922(g)(1) to his indictment would violate the Second Amendment. Gilman contends that it would violate the Second Amendment because "he was not advised that his conviction precluded him from possessing firearms, and the sole conviction on which the government seeks to rely was

---

[2] Proposition 64 does not automatically redesignate qualifying felonies to misdemeanors. It requires a person to "file an application before the trial court that entered the judgment of conviction in his or her case to have the conviction dismissed and sealed because the prior conviction is now legally invalid or redesignated as a misdemeanor or infraction . . . ." Cal. Health & Safety Code § 11361.8(e).

5

deemed by the state of California to be not a felony." ECF No. 35 at 6.

As discussed above, Proposition 64 and any notice Gilman was or was not provided do not impact his status as a convicted felon under section 922(g)(1) at the time of possession; the crime of which he was convicted *was* a felony. Accordingly, he was not entitled to possess a firearm.

The Ninth Circuit recently reaffirmed its prior opinion that "felons are categorically different from the individuals who have a fundamental right to bear arms" in order to uphold section 922(g)(1) against a Second Amendment challenge. *United States v. Phillips*, 827 F.3d 1171, 1174 (9th Cir. 2016), *cert. denied*, 138 S. Ct. 56, 199 L. Ed. 2d 43 (2017) (citing *United States v. Vongxay*, 594 F.3d 1111 (9th Cir. 2010)). In *Phillips*, the defendant argued that section 922(g)(1) was unconstitutional as applied to him because his predicate felony was a non-violent passive crime of inaction. *Phillips*, 827 F.3d at 1173. The Ninth Circuit noted "there may be some good reasons to be skeptical about the correctness of the current framework of analyzing the Second Amendment rights of felons." *Id.* at 1176. Nonetheless, the Ninth Circuit affirmed the district court's denial of defendant's motion to dismiss the indictment because prior Ninth Circuit decisions foreclosed defendant's argument. *Id.* at 1174. Therefore, Gilman's motion to dismiss must be denied. *See also Michaels v. Sessions*, 700 F. App'x 757, 758 (9th Cir. 2017) ("The district court properly dismissed Michaels's action because prior precedent forecloses Michaels's as-applied challenge to § 922(g)(1).").[3]

**CONCLUSION**

For the foregoing reasons, the Court DENIES Gilman's motion to dismiss the indictment.

**IT IS SO ORDERED.**

Dated: November 2, 2018



JON S. TIGAR
United States District Judge

---

[3] Pursuant to Ninth Circuit Rule 36-3, *Michaels* is not precedential. Nevertheless, the Court relies upon it as persuasive authority.